[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13947

Non-Argument Calendar

_____

JOHN BOGLE,

Plaintiff-Appellant,

*versus*

ALABAMA LAW ENFORCEMENT AGENCY,
WILL WRIGHT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:22-cv-00256-RAH-KFP

_____

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

John Bogle appeals the district court's order granting summary judgment in favor of Will Wright and Bogle's former employer, the Alabama Law Enforcement Agency ("ALEA"), on his claims of racial discrimination and retaliation under Title VII and 42 U.S.C. § 1983. Bogle first argues that the district court erred in analyzing his retaliation claim under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), instead of under the "convincing mosaic" theory of retaliation. Second, he contends that the record evidence creates genuine issues of material fact from which a reasonable jury could conclude that he was retaliated against on the basis of race and terminated for pretextual reasons. After careful review, we affirm.

## I.

John Bogle, who is a white male, began his career with the ALEA in 2005, when he was hired as trooper-in-training assigned to the Mobile Post. Over the next ten years, Bogle was promoted to Highway Patrol Corporal and then Highway Patrol Sergeant, during which he also served as the Commander of the Mobile Post. In 2018, Will Wright, a black male, was assigned to the Mobile Post and given the position of Highway Patrol Captain. From that point on, Wright served as Bogle's supervisor.

In July 2019, Wright issued Bogle and another sergeant a warning for failure to schedule troopers for training. In 2020, Wright received complaints from five ALEA employees who expressed concerns over what they perceived as Bogle's harassing and bullying behavior in the workplace. Although Wright determined that Bogle's actions did not violate ALEA policy, the ALEA's Integrity Unit ("IU") opened an investigation into the allegations. Eventually, the IU concluded that the allegations of workplace bullying were unfounded.

While the workplace-bullying investigation was pending, Wright launched a separate investigation into new allegations against Bogle involving the improper handling of a traffic citation. This time, the IU found that Bogle's conduct did violate ALEA policy, and Bogle was demoted and transferred to Dothan. Bogle was replaced in Mobile by Corporal Brandon Christen, a black male. Bogle then filed his first Charge of Discrimination before the Equal Employment Opportunity Commission ("EEOC"). After Bogle filed his EEOC charge, and in the midst of yet another IU investigation into Bogle's conduct (this time involving statements Bogle made at a Buc-ee's about the ALEA and now-Sergeant Christen), Bogle was terminated.

On April 29, 2022, Bogle filed his initial Complaint in the United States District Court for the Middle District of Alabama, alleging one count of racial discrimination under Title VII, one count of racial discrimination under § 1983, and another for Title VII retaliatory discharge. Wright and the ALEA moved for summary

judgment, which the district court granted.  Bogle does not appeal the district court's entry of summary judgment as to the first two counts.

## II.

When appropriate, we will review *de novo* a district court's grant of summary judgment.  *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010).  We can affirm the district court's judgment on any basis supported by the record, regardless of whether the district court decided the case on that basis.  *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019).

Under Fed. R. Civ. P. 56(a), a district court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In determining whether the movant has met this burden, courts must view all the evidence and make all reasonable inferences in favor of the nonmoving party.  *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*).

Under Title VII, an employer may not retaliate against an employee because he has opposed any practice made unlawful under that law, or because he has made a charge or participated in a proceeding thereunder.  42 U.S.C. § 2000e-3(a).  A retaliation claim based on circumstantial evidence is analyzed under the *McDonnell Douglas* burden-shifting framework.  *Ring v. Boca Ciega Yacht Club, Inc.*, 4 F.4th 1149, 1163 (11th Cir. 2021).  Under *McDonnell Douglas*, a plaintiff must first establish a *prima facie* case of retaliation.  *Id.*  To

establish a *prima facie* case of retaliation, a plaintiff may show that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse action; and (3) the adverse action was causally related to the protected expression. *Id.*

If the plaintiff establishes a *prima facie* case, "the employer then has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). If the employer meets that burden, the plaintiff then bears the burden to prove that "the reason provided by the employer is a pretext for prohibited, retaliatory conduct." *Id.* A reason cannot be pretextual, however, unless it is shown both that the proffered reason was false and that discrimination was the real reason. *Ring*, 4 F.4th at 1163.

In evaluating pretext, we must consider all of the evidence and then determine whether the plaintiff has cast doubt on the defendant's proffered non-discriminatory reasons sufficient to allow a reasonable factfinder to determine that the defendant's proffered "legitimate reasons were not what actually motivated its conduct." *Silvera v Orange Cnty. Sch. Bd.*, 244 F.3d 1253, 1258 (11th Cir. 2001) (quotation marks omitted). So long as an employer's proffered reason is one that might motivate a reasonable employer, the employee must attack that reason "head on and rebut it" and cannot succeed simply by disputing the wisdom of the reason. *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000). To establish pretext, a plaintiff must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the

employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005) (quoting *Combs v. Plantation Patterns, Meadowcraft, Inc.*, 106 F.3d 1519, 1538 (11th Cir. 1997)).  An employer may make an employment decision "for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Phillips v. Legacy Cabinets*, 87 F.4th 1313, 1325 (11th Cir. 2023) (quotation marks omitted).

Ultimately, a plaintiff must prove that "the desire to retaliate" was the "but-for cause" of a challenged action.  *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013).

Nevertheless, we have cautioned that establishing the elements of the *McDonnell Douglas* framework "is not, and never was intended to be, the *sine qua non* for a plaintiff to survive a summary judgment motion in an employment discrimination case," and that a plaintiff may also defeat a summary judgment motion by presenting a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Smith v. Lockheed-Martin Corp.*, 644 F.3d at 1328 (quotation marks and footnote omitted); *see also Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1310–11 (11th Cir. 2023) (stating that an employee may prove a retaliation claim using the convincing-mosaic framework).  A plaintiff may establish a "convincing mosaic" by pointing to evidence that demonstrates (1) suspicious timing, ambiguous statements, or other information from which

discriminatory intent might be inferred, (2) systematically better treatment of similarly situated employees, and (3) the employer's justifications are pretextual. *Lewis v. City of Union City*, 934 F.3d 1169, 1185 (11th Cir. 2019).

This Court previously held that a plaintiff's failure to argue that there was a "convincing mosaic" of discrimination before the district court forfeits that argument. *Bailey v. Metro Ambulance Servs., Inc.*, 992 F.3d 1265, 1274 (11th Cir. 2021). In *Bailey*, the plaintiff cited the convincing-mosaic theory in connection with his general discussion of the law governing his disparate-treatment claim, stated that his "convincing mosaic model will form the foundational argument going forward," and cited to the retaliation argument in his brief. 992 F.3d at 1273. However, we determined that Bailey argued the convincing mosaic theory in connection only with his retaliation claim, and not in conjunction with his disparate-treatment claim, and thus concluded that Bailey forfeited any convincing-mosaic argument as to his disparate-treatment claim. *Id.* at 1274.

Conversely, in *Berry*, we concluded that convincing-mosaic arguments were preserved where the appellant "argued in the district court that her evidence raises a reasonable inference of retaliation." 84 F.4th at 1312. There, notably, in addition to arguing a *prima facie* case of retaliation, the appellant "also argued that she presented a convincing mosaic of circumstantial evidence of retaliation," and the district court ultimately concluded that there was no convincing mosaic of discrimination. *Id.* at 1307. On appeal,

the appellee argued that the appellant did not preserve the specific convincing-mosaic arguments that she raised on appeal. But because the appellant presented the convincing-mosaic theory below, we held that she could "make any argument in support of that issue on appeal." *Id.* at 1312 (quotation marks omitted).

Most recently, in *McCreight v. AuburnBank*, we held that "a plaintiff need not specifically use the term 'convincing mosaic' in the trial court to contend on appeal that she has offered enough evidence to survive summary judgment." 117 F.4th 1322, 1336 (11th Cir. 2024). We distinguished *Bailey*, explaining that the forfeiture decision in *Bailey* was based on the "the plaintiff's failure to raise *any* sort of argument in favor of his disparate treatment claim" below. *Id.*

In *McCreight*, plaintiff-appellants McCreight and Wester appealed the district court's grant of summary judgment in favor of their former employer, AuburnBank, on their sex-plus discrimination claim, age discrimination claims, and retaliation claims. *Id.* at 1326–27. AuburnBank argued that we should analyze the age-discrimination and retaliation claims only under the *McDonnell Douglas* framework, because McCreight and Webster did not raise a convincing-mosaic argument before the district court. *Id.* at 1334. We rejected that argument, concluding that *McDonnell Douglas* and the convincing-mosaic theory "are two ways to approach the same question: whether the plaintiff has put forward enough evidence for a reasonable jury to conclude that illegal discrimination occurred." *Id.* We noted that the "convincing mosaic approach is—

in its entirety—the summary judgment standard," and that the phrase "is a metaphor, not a legal test." *Id.* at 1335.

As we summarized, "[i]n short, the terms '*McDonnell Douglas*' and 'convincing mosaic' do not dictate the legal standard that plaintiffs are entitled to receive at summary judgment," *id.* at 1337, but are instead one and the same—both simply ways to describe the "ordinary summary judgment standard," *id.* at 1335. To determine whether McCreight and Wester's convincing mosaic arguments on appeal were preserved below, we then looked to the record—"particularly the evidence and issues they advanced before the district court at summary judgment." *Id.* at 1338. We explained that, although the appellants did not mention "convincing mosaic" by name in reference to their age-discrimination claim, the "district court's ultimate task was to consider whether they had put enough evidence in the record to convince a jury that they had faced age discrimination." *Id.* McCreight and Wester argued below that they provided enough evidence for a reasonable juror to infer intentional discrimination, and the district court, in turn, conducted a pretext analysis—which "merges with the ultimate summary judgment question." *Id.* (*citing Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 256 (1981) (holding that the plaintiff's burden of persuasion as to pretext "merges with the ultimate burden of persuading the court that she has been the victim of intentional discrimination")). We thus concluded that, because the district court explained that the appellants failed to provide enough evidence to suggest that the reason for their termination was pretextual, it

properly found that their claims failed the ordinary summary judgment standard. *Id*.

As to McCreight and Wester's other claims, we concluded that their age-discrimination claims failed because they did not present enough evidence to suggest that they were fired because of their age, and their retaliation claims failed as they failed to present evidence of causation. *Id*. at 1339–40. We reiterated, in particular, that temporal proximity alone is insufficient to create a genuine issue of fact as to causation. *Id*. at 1340.

### III.

Bogle first argues that the district court erred in failing to consider his retaliation claim through a convincing-mosaic lens and instead "focus[ing] only on whether Bogle could satisfy the *McDonnell Douglas* framework." But Bogle has once again fallen into the trap of "consider[ing] the convincing mosaic as something different than the ordinary summary judgment standard." *McCreight*, 117 F.4th at 1335. As we have made clear, the "convincing mosaic approach is . . . not a legal test." *Id*. And "[r]egardless of the term used—'pretext,' 'convincing mosaic,' 'summary judgment'—the substance of the argument is the same." *Id*. at 1336. We, therefore, cannot agree that the district court erred in invoking language more commonly associated with the *McDonnell Douglas* test. Relatedly, Bogle argues that the district court's "focus only on the 'pretext issue' is particularly notable." This argument similarly fails in light of *McCreight*, where we confirmed that the "pretext analysis" under *McDonnell Douglas* "merges with the ultimate summary

judgment question." *McCreight*, 117 F.4th at 1338. In other words, "the pretext prong of *McDonnell Douglas* is just the ordinary summary judgment standard." *Id*. at 1335. Thus, we can find no error with the district court's decision to "focus" on pretext.

## IV.

Next, Bogle argues that he presented sufficient record evidence below that his termination was prohibited retaliation for engaging in a protected activity. He argues that the "ALEA's proffered reason for investigating [him] and placing him on mandatory leave was pretextual, which raises a reasonable inference of unlawful conduct." He similarly contends that the ALEA's "effort to investigate and terminate [him] for the core issues in his Charge of Discrimination is further evidence supporting a 'convincing mosaic' of retaliation."

We disagree. "To prove that an employer's explanation is pretextual, an employee must cast enough doubt on its veracity that a reasonable factfinder could find it 'unworthy of credence.'" *Berry*, 84 F.4th at 1307 (quoting *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1136 (11th Cir. 2020) (en banc)). If an employee's behavior could motivate a reasonable employer to terminate the employee, then the employee must address the employer's legitimate reason "head on and rebut it.'" *Id*. at 1307–08 (quoting *Patterson v. Ga. Pac., LLC*, 38 F.4th 1336, 1352 (11th Cir. 2022)).

Here, the district court was right to find, on the basis of the record, that Bogle failed to rebut the ALEA's legitimate reasons for terminating him. As the district court correctly identified, the

ALEA submitted ample evidence in the form of affidavits and testimony showing that Bogle engaged in a pattern of misconduct while employed by the ALEA. These affidavits allege, among other things, that Bogle disclosed confidential information about the ALEA to outside sources and made harassing and "disparaging statements" about the ALEA and his colleagues. IU Commander Mike Trotter averred in an affidavit that Bogle "surreptitiously recorded ALEA personnel, including two members of the General Counsel's Office," and that "Bogle's use of State property for private business violated ALEA's Policies and Procedures."

Having reviewed the record and Bogle's arguments on appeal, we conclude that he has not rebutted or cast enough doubt on the veracity of the ALEA's proffered non-discriminatory reasons for terminating him so as to prove that these reasons were pretextual. *Berry*, 84 F.4th at 1307. Bogle has not shown "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons . . . that a reasonable factfinder could find them unworthy of credence." *Combs*, 106 F.3d at 1538. Thus, we agree with the district court that Bogle has failed to produce sufficient evidence from which a reasonable jury could conclude that a desire to retaliate was the but-for cause of his termination. *Nassar*, 570 U.S. at 352.

**V.**

Accordingly, for the reasons stated, we affirm the district court's order granting summary judgment in favor of Wright and the ALEA.

**AFFIRMED.**